ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.*
This attorney disciplinary matter arises from a petition for consent discipline filed by respondent, Charles W. Dittmer, Jr., an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
Respondent represented Barbara May-eaux in connection with a personal injury case, which ultimately settled for $68,000. Ms. Mayeaux had been treated by Dr. Warren Gottsegen, and owed him $3,852.00 in medical bills. Dr. Gottsegen’s office mailed a notice of health care provider’s privilege to respondent’s office. On October 6, 1997, respondent spoke with Renee Weston, an employee in Dr. Gottsegen’s office. He advised her he was in the process of settling Ms. Mayeaux’s case, and asked if Dr. Gottsegen would accept $3,000 as full payment for the medical expenses. Ms. Weston agreed to the reduction. On October 14, 1997, respondent advised Ms. Weston that the check to Dr. Gottsegen was in the mail; however, the cheek was not mailed.
On the next day, October 15, 1997, respondent executed the settlement documents in connection with the main demand and disbursed funds to Ms. Mayeaux. The settlement stated: “[ajttorneys hereby agree to pay any sums due and owing Dr. Warren Gottsegen as a result of this accident, through the date of settlement.” However, respondent instead disbursed the $3,000 reserved for Dr. Gottsegen to Ms. Mayeaux.[1] Respondent refused to ac *196 cept phone calls or mail from Ms. Weston. Ultimately, Ms. Mayeaux paid Dr. Gottse-gen $3,852.00, the original amount due. Subsequently, Ms. Weston filed a complaint with the ODC.
| .DISCIPLINARY PROCEEDINGS

Formal Charges/Petition for Consent Discipline

After an investigation, the ODC filed a single count of formal charges against respondent, alleging he failed to protect the interest of a third person, in violation of Rules 1.15(a),(b); 4.1(a),(b); 4.4; and 8.4(a),(c),(d) of the Rules of Professional Conduct.
Prior to a formal hearing, respondent filed a petition for consent discipline. He submitted a proposed stipulation of facts wherein he conceded he made promises and representations to Dr. Gottsegen’s office which were not fulfilled, and acknowledged the health care provider relied on those promises and representations. As a sanction, respondent proposed he be suspended from the practice of law for a period of six months, with the entire suspension being deferred. He also suggested he be placed on probation for one year with the condition he be periodically monitored in the practice of law solely in the area of payments due and owing to third party health care providers.
The ODC concurred in thé petition for consent discipline. In its concurrence, the ODC asserted respondent violated duties owed to the public (the health care provider) and to the profession by making promises and representations which he failed to honor. It maintained respondent’s conduct was knowing. As aggravating factors, the ODC pointed out that respondent received a prior admonition for unrelated conduct; and he had substantial experience, having practiced law for over thirty-two years. However, it identified four mitigating factors: (1) the absence of dishonesty and/or selfish motive; (2) respondent “freely and fully” consenting to the discovery process; (3) respondent’s good character and reputation; and (4) the fact respondent is “remorseful” for his conduct in this matter. In light of these “substantial” mitigating factors, the ODC concluded the deferred six month suspension was appropriate.
Neither respondent nor the ODC filed objections in this court to the disciplinary board’s recommendation.

Disciplinary Board Report

The disciplinary board found respondent was guilty of the misconduct set forth in the formal charges. After adopting the same aggravating and mitigating factors as found by the ODC, the board agreed that the proposed consent discipline was appropriate. Accordingly, the board [3recommended that respondent be suspended from the practice of law for a period of six months, totally deferred, and placed on probation for one year, with a practice monitor appointed to review respondent’s files in the area of payments due and owing to third-party health care providers. The board further recommended respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court judgment until paid.
DISCUSSION
While respondent did not convert any funds belonging to his client or to the third party health care provider, he knowingly failed to disburse these funds to the health care provider as he promised and as the settlement agreement required. His actions resulted in the health care provider being deprived of funds for a period of several months.
Based on these circumstances, we conclude the proposed consent discipline is appropriate.
*197 DECREE
Upon review of the findings and recommendations of the disciplinary board, the petition for consent discipline and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that respondent, Charles W. Dittmer, be suspended from the practice of law for a period of six months. This suspension shall be deferred, and respondent shall be placed on probation for a period of one year, with the condition that a practice monitor be appointed to periodically review respondent’s files to determine if any payments are due and owing to third party health care providers. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of finality of judgment until paid.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. According to respondent, Ms. Mayeaux “demanded” that she be allowed to pay Dr. Gottsegen directly and with her own check. Respondent asserts he complied with this demand and issued a separate check in the amount of $3,000 to Ms. Mayeaux with the "express direction and understanding” that *196 she was to then issue her own check to Dr. Gottsegen.