*1181 ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This disciplinary matter arises from a petition for consent discipline filed by Charlotte Ann Moore, an attorney licensed to practice law in the State of Louisiana, prior to the institution of formal charges. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS
Respondent represented Tomicia Robinson in a personal injury matter arising out of an automobile accident. In connection with the accident, Ms. Robinson was treated by a chiropractor, Dr. Gary Black, for several months. During the course of the treatment, respondent received notice of the doctor’s lien and privilege, which she acknowledged in November 1995. Approximately one year later, respondent settled Ms. Robinson’s case, but she failed to remit $2,389 owed to Dr. Black, despite his many requests.
Subsequently, Dr. Black filed a complaint with the ODC. Upon learning of the complaint, respondent immediately remitted the funds to Dr. Black. It is undisputed that at all relevant times, respondent had sufficient funds on hand to satisfy the balance due Dr. Black.
UDISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the institution of formal charges, respondent filed a petition for consent discipline, acknowledging that her conduct constituted negligent commingling and a failure to deliver funds owed to a third person, in violation of Rule 1.15 of the Rules of Professional Conduct.
In mitigation, respondent alleged that during the period she represented Ms. Robinson and shortly thereafter, she relocated her office on three occasions to three different locations. As a result, she claimed she inadvertently failed to pay the funds due to Dr. Black. For her misconduct, respondent proposed that she be suspended from the practice of law for six months, deferred, subject to a two-year period of supervised probation with the following conditions:
A. Appointment of a probation monitor;
B. Appointment of a certified public accountant to conduct quarterly audits of respondent’s client trust account and to report the findings of such audits to the probation monitor, at the respondent’s expense;
C. Successful completion of ethics school administered by the Louisiana State Bar Association; and
D. Payment of all costs of these proceedings.
The ODC concurred in respondent’s petition. It agreed that a violation of Rule 1.15 was present. The ODC further indicated it had no objection to the proposed discipline.

Disciplinary Board Recommendation

In its report, the board found that respondent negligently breached the duties owed to her client and the public, in violation of Rule 1.15 of the Rules of Professional Conduct. Notwithstanding, it recognized that respondent did not convert the funds owed to Dr. Black to her own use, had sufficient funds on hand at all times 13to satisfy the medical lien, and had only been engaged in the practice of law for three years when the misconduct took place. Finding a lengthy probationary period to be appropriate,[1] the board recom *1182 mended the proposed consent discipline be accepted and that respondent be suspended from the practice of law for six months, deferred, subject to a two-year period of supervised probation with the specified conditions.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Respondent admits that she failed to timely remit funds owed to a third-party medical provider, in violation of Rule 1.15 of the Rules of Professional Conduct. Therefore, the sole issue presented to us whether the fully deferred six month suspension, subject to a two year period of probation with conditions, is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
Considering the record of this matter, we conclude that a fully deferred suspension is appropriate to address respondent’s misconduct, and is consistent with the jurisprudence of this court. See In re: Dittmer, 99-1653 (La.9/3/99), 743 So.2d 195 (attorney who failed to remit funds to third party health care provider suspended for six months, fully deferred, subject to a one year probationary period). Respondent’s actions, while not intentional, deprived the third-party medical provider of sums to which he was entitled. Under these circumstances, a deferred suspension, together with a period of probation, will serve to protect the public and deter others in the profession from engaging in similar misconduct. In addition, we believe a period of monitored probation will assist respondent, a relatively inexperienced attorney, in establishing proper internal office procedures in order to avoid similar problems in the future.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that respondent, Charlotte Ann Moore, be suspended from the practice of law for a period of six months. Said suspension shall be deferred in its entirety, subject to a two-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. All costs and expenses in this matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The board relied on Standard 4.12 of the ABA’s Standards for Imposing Lawyer Sane- *1182 tions, which provides that "suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.”