ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This attorney disciplinary proceeding arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Joslyn Renee Alex, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
The facts are essentially undisputed. Adam Mercier retained respondent to represent him in connection with a personal injury matter. Respondent settled the case and disbursed the settlement funds to Mr. Mercier. At the time, respondent had withheld a portion of the settlement to pay for medical services rendered to her client by Dr. John Daigle and Dr. Raul Reyes.[1] However, respondent neglected to disburse these payments to the two medical providers.
Over the course of the next three years, Dr. Daigle made numerous requests to respondent for payment. During this time, respondent had permitted her client trust account to fall below the amount held in escrow for the medical payments. Finally, on December 3, 1999, respondent provided full restitution to Drs. Daigle and Reyes.
On January 7, 2000, Dr. Daigle filed a complaint with the ODC, asserting respondent failed to timely reimburse him for medical services rendered to her clients for which she guaranteed payment. During the course of the ODC’s investigation into the complaint, respondent produced financial records relative to her client trust and |?firm operating accounts. At that time, the ODC discovered, during the period of September 26, 1996 through Febru *457 ary 29, 2000, respondent had engaged in an ongoing pattern of financial and fiduciary mismanagement. Specifically, her records indicated respondent had commingled client funds with her personal funds, as well as paid operating and personal expenses out of her trust account. The records further showed respondent frequently had negative balances in her trust account. Moreover, the mismanagement of her financial records barred an accurate segregation of the funds owed to her clients and third parties.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent. The first count related to the Merrier matter, and the second pertained to the mismanagement of respondent’s financial accounts and records. The formal charges alleged violations of the following provisions of the Rules of Professional Conduct: Rules 1.3 (incompetence), 1.4 (failure to communicate), 1.15 (commingling and conversion of client funds), 1.16 (failure to protect client interests upon termination of representation), 8.4(a) (violating or attempting to violate the professional rules), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation).
Respondent filed an answer to the formal charges conceding she erroneously failed to timely pay Mr. Mercier’s health care providers. Respondent denied the remaining charges relative to the mismanagement of her financial accounts and records.

13Recommendation of the Hearing Committee

After a formal hearing, the hearing committee determined the ODC proved the allegations of professional misconduct by clear and convincing evidence. The committee recognized there was no evidence of intentional misconduct on the part of respondent, and her gross negligence did not result in actual injury. However, it found her actions inexcusable and rejected respondent’s defense that she was a sole practitioner lacking any professional mentoring in the area of financial management.
As to the issue of sanctions, the committee recognized in mitigation respondent’s lack of prior disciplinary record, absence of a selfish or dishonest motive, cooperation with the ODC in the disciplinary proceeding, efforts to rectify her misconduct, remorse and good character and reputation. No aggravating factors were cited.
Based on its findings, the committee proposed a thirteen month suspension, fully deferred, subject to a thirteen month period of probation subject to conditions.[2]
The ODC filed an objection to the committee’s recommendation insofar as it concluded the totally deferred thirteen month suspension should be subject to a twenty *458 four month period of probation, rather than for a period of thirteen months. Moreover, it proposed as an additional condition to probation that a probation monitor and certified public accountant, jointly selected by respondent and the probation monitor, be appointed to review and report on respondent’s maintenance of her trust account |4at semi-annual intervals during her probationary period. Respondent concurred in the ODC’s objection.

Recommendation of the Disciplinary Board

The disciplinary board adopted the factual findings of the hearing committee in all respects. Like the committee, the board found respondent negligently failed to timely pay third party medical providers, commingled and converted client-funds, and mismanaged her client trust and office operating accounts.
Addressing the issue of sanctions, the committee relied on Standard 4.12 of the ABA’s Standards for Imposing Lawyer Sanctions, which provides suspension is generally appropriate when a lawyer knows or should know that he or she is dealing improperly with client property and causes injury or potential injury to a client. It also relied on jurisprudence from this court. Upon consideration of these factors, the board recommended that respondent be suspended from the practice of law for a period of thirteen months, fully deferred, subject to a two year period of probation. In addition to the probation factors cited by the committee, the board accepted the parties’ condition that a probation monitor and certified public accountant be appointed to semi-annually review and report on respondent’s maintenance of her trust account during the probationary period.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board. However, pursuant to Supreme Court Rule XIX, § 11(G)(1)(a), we docketed the matter for briefing and argument to address the appropriateness of the board’s proposed sanction.
J^DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports a finding of professional misconduct. It is undisputed respondent failed to timely provide payment to two health care providers and commingled and converted client and third party funds over a period of approximately several months through her gross mismanagement of her financial affairs relative to her law practice.
Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, *459 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
| fiA review of the record indicates respondent’s misconduct, while unintentional, caused actual harm to the third party medical providers by delaying the disbursement of funds owed to them. Additionally, her mismanagement of client and third party funds created a strong potential for harm. The baseline sanction for this misconduct is unquestionably a suspension.
However, in assessing a sanction, we find that significant mitigating factors are present. Respondent has no prior disciplinary record and her conduct did not result from a selfish or dishonest motive. She cooperated with the ODC in the disciplinary proceedings and made efforts to rectify her misconduct. Respondent has also demonstrated remorse and shown evidence of good character and reputation.
Under these circumstances, we conclude a fully deferred suspension, subject to a period of probation is appropriate under the facts. This sanction is consistent with jurisprudence from this court. See In re: Moore, 00-2616 (La.10/13/00), 769 So.2d 1180 (attorney who failed to timely remit funds owed to a third party health care provider suspended six months, fully deferred, subject to a two year period of probation); In re: Dittmer, 99-1653 (La.9/3/99), 743 So.2d 195 (attorney who failed to remit funds to third party health care provider suspended for six months, fully deferred, subject to a one year probationary period). Such a sanction will provide respondent the opportunity and supervision to establish proper accounting and internal office procedures, while also safeguarding the public and deterring other attorneys from engaging in similar misconduct.
Accordingly, we adopt the recommendation of the disciplinary board that respondent be suspended from the practice of law for a period of thirteen months, fully deferred, subject to a two year period of probation.
|7DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Joslyn Renee Alex be suspended from the practice of law for a period of thirteen months. This suspension shall be fully deferred, and respondent shall be placed on supervised probation for a period of two years subject to the conditions recommended by the disciplinary board. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
VICTORY, J., dissents and assigns reasons.

. The amount owed to Dr. Daigle was $1,449. The amount owed to Dr. Reyes was $1,168.

.The hearing committee recommended the following conditions to probation:
1. Respondent shall refrain from violating any professional rules;
2. Respondent shall remain current with all obligations, including Louisiana State Bar Association dues, disciplinary assessments and all continuing legal education requirements;
3. Respondent shall attend a Louisiana State Bar Association ethics school, conference or seminar;
4. A probation monitor should be appointed to periodically monitor respondent's client trust account, as well as her compliance with all other conditions; and
5. Respondent shall pay all costs of these proceedings.