*820
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Clifton John Spears, Jr., an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 On January 20, 2009, respondent’s trust account did not have a sufficient balance to cover a $470 cheek. Accordingly, the bank returned the check unpaid. On February 4, 2009, the check was presented a second time and paid, resulting in an overdraft in the trust account of $444.75. The ODC subsequently opened an investigation and learned that the $470 check was written to the East Baton Rouge Parish Clerk of Court for filing fees. Consequently, the ODC audited respondent’s trust account for the time period of August 1, 2008 through February 28, 2009. The audit indicated the following:
 

 On fifty-seven occasions, respondent wire transferred funds between his trust account and his operating account or personal account without proper documentation. He also had no documentation to explain the $9,941.43 balance in his trust account on August 1, 2008 or various deposits into the trust account during this time period. Between November 5, 2008 and February 5, 2009, respondent transferred a total of $3,117 from his operating or personal account to |2his trust account. On several occasions, respondent also left his personal funds and/or his attorney’s fees from various settlements in his trust account. The non-client funds in respondent’s trust account exceeded the amount necessary to pay bank service charges, and respondent occasionally used these funds to pay his office’s operating expenses directly from the trust account. Additionally, in November 2008, respondent’s trust account had insufficient funds to cover $1,176.35 due to a third-party medical provider; thus, the processing of two checks made payable to the third-party medical provider created a $1,160.62 deficit in the account. On November 19, 2008, respondent transferred funds from his operating and personal accounts into his trust account to eliminate the deficit.
 

 DISCIPLINARY PROCEEDINGS
 

 In June 2010, the ODC filed formal charges against respondent, alleging that by his conduct as set forth above he violated Rule 1.15(a) — (f) (safekeeping property of clients or third persons) of the Rules of Professional Conduct. The ODC also alleged respondent violated Supreme Court Rule XIX, § 28(A)(2).
 
 [1]
 
 Respondent answered the formal charges, denying any misconduct. The matter then proceeded to a formal hearing on the merits.
 

 IsHearing Committee Report
 

 After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
 

 
 *821
 
 On January 20, 2009, respondent’s bank notified the ODC of a $404.81 overdraft in respondent’s trust account.
 
 [2]
 
 On February 4, 2009, respondent’s bank notified the ODC of a $444.75 overdraft in respondent’s trust account. Thereafter, an audit of respondent’s trust account established that respondent (1) failed to maintain the required financial records; (2) commingled funds; and (8) converted approximately $1,160.62 for a very short period of time before replacing the funds.
 

 Respondent does not dispute the auditor’s findings and conclusions; thus, the committee accepted those findings and conclusions as fact. However, respondent testified that Hurricane Gustav damaged his office, having a devastating effect on his files and machinery. Respondent also stated that most, but not all, of his financial records were destroyed. Thereafter, respondent believed electronic banking would assist him in continuing his practice. However, the evidence revealed that electronic banking provides minuscule and inadequate financial records. This fact alone does not exonerate respondent, but it reflects that he did not act knowingly or intentionally. Furthermore, respondent indicated that the overdrafts occurred because of his failure to properly record various drafts. Respondent quickly remedied the problem as soon as it was called to his attention.
 

 |4Based on these facts, the committee determined respondent violated Rule 1.15(a) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 28(A)(2) by failing to maintain the required financial records for his client trust account. The committee also determined respondent violated Rule 1.15(a)-(f) by commingling his funds with the funds of his clients and/or third parties and by misappropriating or converting approximately $1,160.62.
 

 The committee found respondent negligently violated duties owed to the legal profession. The committee determined no aggravating factors are present. However, in mitigation, the committee noted several factors: absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, remorse, and remoteness of prior disciplinary offenses.
 
 [3]
 

 In light of the numerous mitigating factors present, the absence of aggravating factors, and the prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day, fully deferred, subject to two years of probation.
 

 
 *822
 
 The ODC filed an objection to the hearing committee’s report, specifically objecting to the committee’s failure to give appropriate weight to respondent’s prior discipline in formulating a recommended sanction.
 

 \¿Pisciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings do not appear to be manifestly erroneous. Based on those facts, the board determined respondent violated Rules 1.15(a) and 1.15(b) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 28(A)(2). The board indicated that respondent violated Rule 1.15(a) because he commingled funds by leaving his attorney’s fees in his trust account and withdrawing them incrementally over a long period of time and because he converted $1,160.62 in third-party funds for a very short period of time in November 2008. Respondent also failed to maintain and/or create supporting documentation when he switched to electronic banking. The board further indicated that respondent violated Rule 1.15(b) because he transferred various amounts of money from his personal and operating accounts to his trust account on several occasions. In most of these instances, he transferred the funds to replace overdrafted funds. Furthermore, as stated above, respondent left his attorney’s fees in his trust account for an extended period of time. Finally, the board indicated that respondent violated Supreme Court Rule XIX, § 28(A)(2) by failing to maintain and/or create supporting documentation when he switched to electronic banking.
 

 The board, however, found that respondent did not violate Rules 1.15(e)-(f). Specifically, the board determined respondent did not violate Rule 1.15(c) because the formal charges did not allege that he failed to place advance payments for fees or expenses in his trust account, nor did they allege that he withdrew advance payments for fees or expenses prior to earning or incurring them. He did not violate Rule 1.15(d) because there was no delay in transmitting funds to the third-party medical provider even though processing the checks created overdrafts in his trust account. He did not violate Rule 1.15(e) because the formal charges did not allege that a dispute existed concerning property in his possession. Finally, he did Rnot violate Rule 1.15(f) because the formal charges did not allege that he failed to personally sign checks drawn on his trust account or failed to personally authorize electronic transfers to and from his trust account.
 

 The board further determined respondent negligently violated duties owed to his clients and third parties, causing them potential harm. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is a public reprimand.
 

 In aggravation, the board found prior disciplinary offenses and substantial experience in the practice of law (admitted 1993). In mitigation, the board found the absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, remorse, and remoteness of prior offenses. The board also noted that respondent’s misconduct was caused, in part, by his switch to electronic banking after his office and files were damaged by Hurricane Gustav.
 

 Turning to the issue of an appropriate sanction, the board noted that
 
 Louisiana State Bar Ass’n v. Hinrichs,
 
 486 So.2d 116 (La.1986), departs from the ABA Standards for matters involving negligent con
 
 *823
 
 version of client and/or third-party funds and, instead, establishes suspension as the baseline sanction:
 

 A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is made promptly, usually before any legal proceeding or disciplinary complaint is made.
 

 After considering this court’s other cases involving similar misconduct and in light of respondent’s prior disciplinary history, despite its remoteness, the board recommended respondent be suspended from the practice of law for one year and 17one day, fully deferred, subject to two years of supervised probation with the following conditions:
 

 1. Respondent shall attend the Louisiana State Bar Association’s Trust Accounting School;
 

 2. Respondent shall retain the services of a CPA, at his expense and subject to the ODC’s approval, to review his trust account every six months and file a report with the ODC; and
 

 3. Respondent shall refrain from any additional violations of the Rules of Professional Conduct.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record in this matter establishes that, for several months, respondent failed to maintain adequate records of his trust account. He also commingled his funds with those of his clients by leaving his attorney’s fees in his trust account for extended periods of time and by transferring funds to his trust account from his personal and operating accounts. Finally, respondent converted client and/or third-[partys funds when he allowed his trust account to become overdrawn. Based on these facts, respondent violated the Rules of Professional Conduct and Supreme Court Rule XIX, § 28(A)(2), as found by the disciplinary board.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 
 *824
 
 Respondent negligently violated duties owed to his clients, the public, and the legal profession. Although his conduct caused no actual harm, the potential for serious harm to his clients and third parties existed. We agree with the board that
 
 Louisiana State Bar Ass’n v. Hinrichs,
 
 486 So.2d 116 (La.1986), establishes a one-year suspension or less as the baseline sanction for negligent conversion of client funds. We also agree with the aggravating and mitigating factors found by the board. Additionally, the aggravating factor of multiple offenses is present in that respondent’s improper use of his trust account occurred on numerous occasions. Furthermore, although we recognize respondent’s past disciplinary history as an aggravating factor, we give the factor little weight because those offenses are remote in time and involve misconduct that is dissimilar to the instant misconduct. Under these circumstances, the board’s recommended sanction is reasonable.
 

 Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, fully deferred, |nsubject to two years of supervised probation with the conditions set forth in the board’s report.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Clifton John Spears, Jr., Louisiana Bar Roll number 22159, be and he hereby is suspended from the practice of law for one year and one day. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a two-year period of supervised probation governed by the conditions set forth in the disciplinary board’s report. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10. 1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Supreme Court Rule XIX, § 28(A)(2) provides:
 

 Every lawyer engaged in the practice of law in Louisiana shall maintain and preserve for a period of at least five years, after final disposition of the underlying matter, the records, check stubs, vouchers, ledgers, journals, closing statements, accounts or other statements of disbursements rendered to clients or other parties with regard to trust funds or similar equivalent records clearly and expressly reflecting the date, amount, source, and explanation for all receipts, withdrawals, deliveries and disbursements of the funds or other property of a client.
 

 [2]
 

 . In fact, respondent’s trust account was not overdrawn on January 20, 2009. As stated in the underlying facts section above, the account had insufficient funds to cover a $470 check. At that time, the bank did not process the check, but did charge the account a $35 NSF fee, which resulted in a balance in the account on that date of $30.16.
 

 [3]
 

 . In February 2000, this court considered a petition for consent discipline involving respondent's misconduct in allowing a client’s case to prescribe and then attempting to mislead the client into believing the case had settled. This court accepted the consent discipline and suspended respondent for one year and thirty-one days, with all but thirty days deferred, followed by two years of probation with conditions.
 
 In re: Spears,
 
 00-0028 (La.2/4/00), 753 So.2d 204.
 

 In October 2002, respondent was admonished for failing to complete a representation in which he received a $4,000 fee. Respondent conceded that he owed the client a refund and submitted the matter to the Louisiana State Bar Association’s Fee Dispute Resolution Program for arbitration; however, the client declined to participate in fee arbitration.