KELLY, Judge.
The appellants, Brea Sarasota, LLC, and Emeritus Corporation (collectively Emeritus), operate an assisted living facility in Sarasota. In this appeal, Emeritus challenges the order denying its motion to compel arbitration. Because appellee Beth Ann Wasdin, as attorney-in-fact for Isabelle Bickel, entered into a valid arbitration agreement with Emeritus, the trial court erred in denying the motion. Accordingly, we reverse.
When Ms. Bickel was admitted to the Emeritus at Sarasota assisted living facility, her daughter, Ms. Wasdin, signed the admission documents as Ms. Bickel’s attorney-in-fact. Included in the admission paperwork was an arbitration agreement. Despite having agreed to resolve disputes by arbitration, Ms. Wasdin, on behalf of her mother, sued Emeritus in circuit court. In response, Emeritus moved to compel arbitration on the basis that Ms. Wasdin had voluntarily signed a valid arbitration agreement.
At the hearing on the motion, Ms. Was-din testified that her mother had unexpectedly been discharged from another assisted living facility and that she needed to move her to a new facility quickly. She was told that Emeritus had one room left for a Medicaid patient. She took her mother to visit Emeritus, and during the visit, her mother had some physical issues which caused a stressful situation. In her haste to deal with her mother’s problem and to obtain the only available Medicaid room, she signed the admissions documents without reading them. She argued that she should not be bound by the arbitration agreement because at the time she felt that she had no choice but to sign the agreement to have her mother admitted and that the document was not explained to her. She also argued that the agreement was unconscionable because it required her mother to pay half the arbitrator’s fee, and that her mother had no funds to do so.
The court denied Emeritus’s motion to compel arbitration, finding that because of the rushed situation Ms. Wasdin did not have a meaningful choice but to sign the agreement. The court also found that the provision in the arbitration agreement requiring Ms. Bickel, a Medicaid patient, to *1017 pay one-half of the arbitrator’s fee was substantively unconscionable.
On appeal, Emeritus challenges the trial court’s rulings as being unsupported by the evidence and the law. Emeritus first points out that the arbitration agreement contained numerous protections available to Ms. Wasdin had she elected to avail herself of them. Specifically, the agreement contained the following provisions:
4. Right to Legal Counsel. The Resident has the right to be represented by legal counsel in any arbitration proceedings, and the Resident has the right to have this Arbitration Agreement reviewed by legal counsel prior to signature.
[[Image here]]
7. Opt Out Provision. This provision for arbitration may be revoked by written notice delivered to the Community by certified mail within 15 days of signature.
And, in the sentence immediately prior to the signature block:

Admission to the Community is not contingent upon signing this Agreement.

The issue of whether an arbitration agreement is valid is controlled by general contract principles. Shotts v. OP Winter Haven, Inc., 86 So.3d 456, 464 (Fla.2011). Here, Ms. Wasdin relies on the contract defense of uneonscionability. She alleges that the agreement was procedurally unconscionable because of the circumstances under which she signed the agreement. To determine whether a contract is procedurally unconscionable, a court must decide whether the complaining party had a meaningful choice at the time the contract was signed. Tampa HCP, LLC v. Bachor, 72 So.3d 323, 327 (Fla. 2d DCA 2011). The court should consider factors such as “whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract, or whether the terms were merely presented on a ‘take-it-or-leave-it’ basis; and whether he or she had a reasonable opportunity to understand the terms of the contract.” Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 284 (Fla. 1st DCA 2003). A party to a contract is not “permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or because, in retrospect, the bargain turns out to be disadvantageous.” Id. at 288.
We agree with Emeritus’s argument that even if Ms. Wasdin was under the stress of the moment and could not read the documents at the time she signed them she still had fifteen days to “opt-out” of arbitration under the terms of the agreement. Ms. Wasdin’s failure to read the arbitration agreement in the days following Ms. Bickel’s admission does not excuse her performance of the contract in the absence of some evidence that she was prevented from knowing its contents. See Rocky Creek Ret. Props., Inc. v. Estate of Fox ex rel. Bank of Am., N.A., 19 So.3d 1105, 1108 (Fla. 2d DCA 2009) (noting that generally a party is bound by a contract that the party signs unless it can be shown that the party was prevented or discouraged from reading it). Because the agreement notified Ms. Wasdin that she could avoid arbitration and still take advantage of the facility’s services, the agreement was not procedurally unconscionable.
In addition to finding the arbitration provision to be procedurally unconscionable, the trial court found the provision requiring Ms. Bickel to pay one-half *1018 of the arbitrator’s fee[1] to be substantively unconscionable. “To succeed in an uncon-scionability argument, both procedural and substantive unconscionability must be shown. If the arbitration agreement is not procedurally unconscionable, the court does not reach substantive unconscionability.” Bachor, 72 So.3d at 326 (citations omitted). Thus, because of our holding that the arbitration agreement was not procedurally unconscionable, we need not address substantive unconscionability.
Accordingly, we reverse the order denying Emeritus’s motion to compel arbitration.
Reversed.
WHATLEY and KHOUZAM, JJ., Concur.

. The offending provision in the arbitration agreement states: "The arbitrator’s fee shall be shared equally by the Parties."