SILBERMAN, Chief Judge.
Spring Lake NC, LLC, d/b/a Spring Lake Rehabilitation Center appeals a non-final order that denies its motion to compel arbitration in this negligence action brought by Marlene Madeline Beloff, as Personal Representative of the Estate of George Beloff. Because the Estate failed to establish that the arbitration agreement was unconscionable, we reverse the order and remand for the trial court to grant Spring Lake’s motion.
George Beloff was admitted to Spring Lake on December 17, 2009. Based on a durable power of attorney appointing Mrs. Beloff as her husband’s attorney-in-fact, she signed the admission papers to Spring Lake on December 18, 2009. The residency agreement she signed includes a provision titled “Arbitration of Disputes.” The arbitration provision has two separate signature lines. One states, “I have reviewed and understand the provisions of Section VII and accept binding arbitration.” The other states, “I have reviewed and understand the provisions of Section VII and decline binding arbitration.” Mrs. Beloff *54 signed the line accepting binding arbitration and printed her name below her signature.
Mr. Beloff was discharged from Spring Lake to Winter Haven Hospital on December 21, 2009. He died on December 25, 2009. Subsequently, on August 17, 2011, the Estate filed a complaint against Dr. Nisha M. Paul and Bond & Steele Clinic, P.A., alleging medical malpractice in connection with the treatment of Mr. Beloff at Spring Lake. The Estate was permitted to amend its complaint to add Spring Lake as a defendant. In response to the amended complaint, Spring Lake filed a motion to compel arbitration. The trial court conducted a hearing on the motion, and the only testimony considered was Mrs. Be-loffs deposition testimony. The Estate argued that the arbitration agreement was procedurally unconscionable based on the circumstances surrounding the execution of the agreement. The Estate argued substantive unconscionability based on its assertion that arbitration with Spring Lake could result in inconsistent verdicts when the Estate would be going to a jury trial against the doctor and the clinic. It did not argue that any of the terms of the arbitration agreement were unconscionable.
The trial court denied the motion to compel arbitration. The trial court found that Mrs. Beloffs subjective belief that she needed to sign the acceptance line of the arbitration agreement and the pressure she felt regarding her husband receiving appropriate care at the facility rendered the agreement procedurally unconscionable. The trial court expressly stated that it was not making a determination regarding the Estate’s argument of substantive unconscionability. Spring Lake timely appealed the order denying its motion to compel arbitration.
At issue is whether the trial court properly determined the arbitration agreement to be invalid on the basis that it was unconscionable. Our review of any factual findings by the trial court is limited to whether competent, substantial evidence supports the findings. Tampa HCP, LLC v. Bachor, 72 So.3d 823, 326 (Fla. 2d DCA 2011). However, we conduct a de novo review of the trial court’s construction of the arbitration agreement and the court’s application of the law to the facts. Id.
Courts generally favor arbitration agreements as a method of dispute resolution. Id.; Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 263 (Fla. 2d DCA 2004). The contract defense of uncon-scionability is applicable to arbitration agreements, but the party asserting the defense must prove both procedural and substantive unconscionability. SA-PG Sun City Ctr., LLC v. Kennedy, 79 So.3d 916, 919 (Fla. 2d DCA 2012); Bachor, 72 So.3d at 326. If this court determines that the agreement is not procedurally unconscionable, then it need not reach the issue of substantive unconscionability. Kennedy, 79 So.3d at 919; Bachor, 72 So.3d at 326.
Procedural unconscionability concerns the manner in which the agreement was made. Bachor, 72 So.3d at 326. “To determine whether a contract is procedurally unconscionable, a court must decide whether the complaining party had a meaningful choice at the time the contract was signed.” Brea Sarasota, LLC v. Bickel, 95 So.3d 1015, 1017 (Fla. 2d DCA 2012). Factors to consider include “ ‘whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract, or whether the terms were merely presented on a “take-it-or-leave-it” basis; and whether he or she had a reasonable opportunity to understand the terms of the contract.’ ” Id. (quoting Gainesville *55 Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 284 (Fla. 1st DCA 2008)). And a party “should not be permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or because, in retrospect, the bargain turns out to be disadvantageous.” Weston, 857 So.2d at 288; see also Bachor, 72 So.3d at 328 (“The fact that Ms. Bachor chose not to read the arbitration agreement before signing it does not relieve her of the bargained-for deal.”).
Here, the Estate failed to meet its burden to show that the arbitration agreement was procedurally unconscionable. When Mrs. Beloff signed the admissions documents, her husband had already been admitted to Spring Lake the previous day. She believed that her meeting with the representative for Spring Lake took about fifteen minutes. Mrs. Beloff admitted that the representative did not pressure her to sign the documents but that she was pressuring herself because she had a subjective feeling that her husband would not get any attention until she signed. The representative presented the documents to her one by one, but Mrs. Beloff did not ask any questions. When asked during her deposition if the representative explained any of the arbitration portions of the agreement, Mrs. Beloff said that she did not remember.
The Estate has not shown that Spring Lake’s representative indicated that continued admission was contingent upon Mrs. Beloff signing the arbitration agreement. See Kennedy, 79 So.3d at 920. The Estate also presented no evidence that Mrs. Beloff “was coerced into signing or prevented from understanding the contents of the arbitration agreement.” Id. Mrs. Beloff indicated that any pressure to sign was self-imposed. In fact, the document itself indicates that she could have signed on one line to accept the arbitration agreement or she could have signed on the next line to decline the arbitration agreement.
The Estate failed to meet its burden to prove that Mrs. Beloff had no meaningful choice and that the arbitration agreement was procedurally unconscionable. Because the Estate failed to prove procedural un-conseionability, we need not reach the issue of substantive unconscionability. See Kennedy, 79 So.3d at 919; Bachor, 72 So.3d at 326. Therefore, we reverse the order denying Spring Lake’s motion to compel arbitration and remand for the trial court to grant the motion.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.