*1058 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Avin A. Johnson, Jr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 15-DB-032 and 16-DB-061. Respondent did not answer the first set of formal charges, and the factual allegations containéd therein were deemed admitted.- Thereafter, rer-spondent admitted- to the allegations of misconduct in a written submission to the disciplinary board. Respondent' answered the second set of formal charges, admitting to the allegation of misconduct. The matters were considered by separate hearing committees before being consolidated by order of the disciplinary board. The board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.
15-PB-032
By way of background, Deveallion Dean was incarcerated on November 5, 2011 when his father passed away. Mr. Dean was a beneficiary of at least one of his father’s insurance policies. Mr. Dean’s sister, Denise Jackson, received a $2,004 disbursement from the policy made payable to Mr. Dean.
lain June 2012, Ms. Jackson hired respondent at the rate of $200 per hour to ensure that Mr. Dean received the funds designated for him. At that time, she paid respondent $200. Respondent visited Mr. Dean in prison, and they agreed on the $200 per hour fee. They also agreed that respondent would investigate any other insurance policies and/or retirement funds •held by his father where he might have been named as a beneficiary. Mr. Dean endorsed the $2,004 check, and respondent deposited $300 into Mr. Dean’s commissary account,[1] Respondent agreed to make regular $300 deposits into the commissary account until he had disbursed the total amount due to Mr, Dean.
Respondent identified other insurance policies and investigated Mr. Déan’s interest in them. By respondent’s calculation, he worked six hours on Mr. Dean’s matter and collected a total of $1,104. Respondent also claimed to have’ deposited a total of $900 into Mr. Dean’s commissary account, *1059 However, a review of the commissary account indicated that respondent made three deposits totaling only $594. Respondent failed to respond to the ODC’s request that he account for the balance of the funds due to Mr. Dean, He also failed to produce bank' records indicating the funds were deposited into his client trust account.
Respondent made restitution to Mr. Dean in the amount of $1,410 via a cashier’s check dated February 19,2016.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), 1.16(d) (obligations upon termination of the representation), and 8.4(a) (violation of the Rules of Professional Conduct).
Is As previously noted, respondent failed to answer the formal charges in 15-DB-032. Accordingly, the factual allegations contained theréin were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. In response, respondent admitted to the misconduct and filed three exhibits for the committee’s consideration.

Hearing Committee Report

Acknowledging' that the factual allegations of the formal charges were deemed admitted and that respondent admitted engaging in misconduct as alleged, the hearing committee made these additional factual findings: Respondent received client trust funds of at least $3,308. Only $594 was deposited into Mr. Dean’s commissary account. Respondent misrepresented the amount he sent to Mr, Dean, claiming to have sent $900 when the record reflects he only sent $594. Respondent acknowledged that he only worked six hours at $200 an hour. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee then determined that respondent intentionally violated duties owed to his client, the legal system, and the legal profession. Respondent caused actual harm, which is' still ongoing. The committee determined that the baseline sanction is a suspension for one year or less based on the ABA’s Standards for Imposing Lawyer Sanctions and relevant case law.
In aggravation, the committee found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability ■ of the victim, and indifference to making | ¿restitution. The committee did not address 'whether any mitigating factors were present.
In light of the above, the committee recommended respondent be suspended from the practice of law for one year, with all but six mónths deferred, contingent on respondent paying Mr, Dean restitution in the amount of $2,7Í4.[2] The committee additionally recommended that respondent be required to attend two credit hours of continuing legal education on managing a client trust account.
Respondent objected to the committee’s recommended sanction, arguing that a more lenient sanction is appropriate.
16-DB-0061
On July 24, 2015, the ODC received notice that respondent’s client trust account was overdrawn. At the time a $1,684 check was presented for payment against *1060 the account, the balance in the account was only $1,539, and the check was returned due to insufficient funds in the account. Respondent explained that the overdraft occurred because he deposited $12,000 into the account and made withdrawals before the funds were credited to the account. Respondent also admitted, and his account bank statements indicated, that he made multiple cash withdrawals from his client trust account between April 1, 2015 and July 31, 2015.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a)(b)(f) (safekeeping property of clients and third persons) and 8.4(a).
As previously noted, respondent answered the formal charges, admitting to the misconduct.
| kFormal Hearing
The matter proceeded to a formal hearing, which was conducted by the hearing committee in November 2016. The ODC introduced documentary evidence, and respondent was the only witness to testify before the committee.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee found that respondent made a $12,000 deposit, related to a client’s lawsuit, into his client trust account on July 15, 2015. That same day, respondent disbursed funds to the client and the client’s medical provider. He also disbursed $2,580 to himself in cash as his attorney’s fees. The overdraft occurred because the funds from the $12,000 deposit were not credited to the account until the next day. Between April 27, 2015 and July 8, 2015, respondent withdrew cash from the account to pay his attorney’s fees related to three other client settlements. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. Additionally, the committee determined respondent violated Rules 1.15(d) and 1.16(d) of the Rules of Professional Conduct.
The committee further determined that respondent did not willfully intend to violate the Rules of Professional Conduct. Instead, respondent’s actions resulted from inexperience in law office management and negligence. His clients suffered little if any harm. Furthermore, respondent took corrective action immediately upon being notified of the issue. Therefore, no restitution is necessary.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for three months, fully deferred, subject to him undergoing formal training with a Louisiana State Bar Association (“LSBA”) [ (¡program or class for law office management and for client trust accounting. The committee further recommended that respondent enlist the aid of a mentor, in the form of an experienced practitioner in the areas of criminal law and personal injury law, for a period of at least one year.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.
15-DB-032 c/w 16-DB-061

Disciplinary Board Recommendation

After reviewing these consolidated matters, the disciplinary board acknowledged that the factual allegations of the formal charges in 15-DB-032 were deemed admitted and proven. The board also determined that the hearing committee’s additional findings in 15-DB-032 are supported by the record with one exception. The board was unsure how the committee came to the conclusion that respondent received $3,308 in funds on Mr. Dean’s behalf because there .is no evidence in the record or allegation that respondent received any funds other than *1061 the $2,004 on Mr. Dean’s behalf. The evidence shows Mr. Dean was entitled to an additional $1,250 from a separate life insurance policy, but there is no evidence or allegation that respondent received those funds on Mr. Dean’s behalf. Therefore, because respondent issued a cashier’s check to Mr. Dean in the amount of $1,410, which is the balance of the $2,004, restitution has been paid. Furthermore, because of this restitution payment, respondent has foregone his attorney’s fees earned from his representation of Mr. Dean. The board then determined that the committee’s findings in 16-DB-061 do not appear to be manifestly erroneous and are supported by the record.
Based on these findings, the board determined that, in 15-DB-032, the committee’s legal conclusions are supported by the factual allegations asserted in |7the formal charges and/or by the evidence submitted in support of the allegations. In 16-DB-061, the board determined that the ODC did not charge respondent with violating Rules 1.15(d) and 1.16(d); thus, the board disregarded the committee’s conclusions regarding those two rule violations because respondent did not have notice to defend against those violations. With respect to the remaining rules, the board determined that the record supports the committee’s conclusion that respondent violated those rules.
The board then determined that, in 15-DB-032, respondent violated a duty owed to his client and that Mr. Dean suffered actual harm. However, the board also noted that respondent has since paid Mr. Dean all of the money he was owed and then some since respondent did not take out any attorney’s fees despite the fact that there was no dispute over his fee. In 16-DB-061, the board determined respondent violated a duty owed to his clients by mismanaging his client trust account. While there was no clear harm caused by respondent’s conduct, his mismanagement created the potential for harm to multiple clients and third parties. In both matters, the board determined respondent acted negligently. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
In aggravation, the board found only the vulnerability of Mr. Dean. In mitigation, the board found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, inexperience in the (private) practice of law, and remorse.
Turning to the issue of an appropriate sanction, the board took guidance from three cases: In re: Wilson, 12-0579 (La. 6/15/12), 90 So.3d 1018; In re: Spears, 11-1135 (9/2/11), 72 So.3d 819; and In re: Alex, 02-1289 (La. 1/14/03), 835 So.2d 455. In Wilson, an attorney grossly mismanaged her client trust account by failing |sto deposit advanced costs and other client funds into the account, by commingling her funds with client funds by regularly leaving her attorney’s fees in the account, by allowing the balance of the account to drop below the amount she was holding for clients and third parties, and by failing to promptly deliver to a third party funds withheld from her clients’ settlements for medical treatment. For this misconduct, the court suspended the attorney from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with conditions. In Spears, an attorney failed to maintain adequate records of his client trust account for several months, commingled his funds with those of his clients by leaving his attorney’s fees in his client trust account for extended periods of time and by transferring funds to the account from his per *1062 sonal.and operating accounts, and converted client and/or third-party funds when he allowed his client trust account to become overdrawn. For this misconduct, the court suspended the attorney from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with conditions. Finally, in Alex, an attorney failed to timely provide payment to two health care providers and commingled and converted client and third-party funds over a. period of almost three and a half years through her gross mismanagement of her financial affairs relative to her law practice. 'For this misconduct, the court suspended the attorney from the practice of law for thirteen months, fully deferred, subject to two years of supervised probation with conditions.
After noting that respondent’s misconduct appears to stem from his inexperience in the private practice of law and after considering the above jurisprudence addressing similar misconduct, the-board recommended respondent be suspended from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with the following conditions: (1) Respondent shall attend the LSBA Trust Accounting School and Law Practice Management ^School, and (2) respondent shall have a CPA review his trust account on a quarterly basis and file a report with the ODC.
One board member dissented and would recommend a more lenient sanction with various educational requirements.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5,(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether, the alleged misconduct has been proven- by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way ‘by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La. 11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La. 3/11/94), 633 So.2d 150.
The evidence in the record of this matter supports a finding that respondent failed to timely remit funds owed to a client, failed to account for funds belonging to a client, allowed his client trust account to become overdrawn, and took cash withdrawals from his client trust account. This conduct amounts to a violation of the Rules of Professional Conduct as charged in both sets''of formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed,to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
The record also supports a finding that respondent negligently violated duties owed to his clients, causing potential and actual harm. The aggravating and mitigating factors found by the disciplinary board are supported by the record. The baseline *1063 sanction for this type of misconduct is suspension.
In recommending a sanction, the board cited three cases addressing misconduct similar to the misconduct engaged in by respondent. We agree that those cases, In re: Wilson, 12-0579 (La. 6/15/12), 90 So.3d 1018; In re: Spears, 11-1135 (9/2/11), 72 So.3d 819; and In re: Alex, 02-1289 (La. 1/14/03), 835 So.2d 455, provide guidance here, and they indicate that the appropriate sanction is a fully deferred suspension with a period of probation.
Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for one year and one day, fully deferred, subject to two years of supervised probation with the following conditions: (1) Respondent shall attend the LSBA Trust Accounting School and Law Practice Management School, and (2) respondent shall have a CPA review his trust account on a quarterly basis and file a report with the ODC.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Alvin Johnson, Jr., Louisiana Bar Roll number 30265, be and he hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that this suspension shall be deferred in its entirety and that respondent shall be placed on ^supervised probation for a period of two years, subject to the conditions recommended by the disciplinary board. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Apparently, $300 was the daily limit on deposits tp the account.

. As noted above, respondent has already paid Mr. Dean $1,410 in restitution.